Clarence E. Owens
11 Stafford Lane
Willingboro, NJ 08046
Tel: 609-686-0557
Email: clayowenslfg@gmail.com
*Plaintiff (Pro Se)*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CLARENCE E. OWENS<br><br>Plaintiff<br><br>v.<br><br>ENTERPRISE HOLDINGS, INC. d/b/a ENTERPRISE RENT-A-CAR; and JOHN HILL, individually and in his official capacity<br><br>Defendants | Civil No. _____<br><br>**COMPLAINT**<br><br>**JURY DEMAND** |

**COMES NOW** Plaintiff Clarence E. Owens appearing *pro se*, and by complaint hereby states as follows:

### INTRODUCTION

1. This is a civil action for damages and injunctive relief arising from discriminatory, defamatory, and retaliatory acts committed by Defendants, including the denial of services, false reporting to police, and subsequent blacklisting of Plaintiff, in violation of 42 U.S.C. § 1981, Title II of the Civil Rights Act of 1964, and New Jersey state law.

2. Plaintiff Clarence E. Owens, a man classified as "Black" (i.e. African American), was unjustly denied a vehicle rental and falsely reported to law enforcement by a Caucasian employee of Defendant Enterprise Holdings, Inc., John Hill, who misrepresented to police that Plaintiff was causing a disturbance. As a result of this false report which Plaintiff avers – upon

1

information and belief – was racially motivated, Plaintiff was later placed on a restriction list, barring him from renting any vehicles from Enterprise.

## JURISDICTION

3. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and § 1343, as Plaintiff brings claims under 42 U.S.C. § 1981 and Title II of the Civil Rights Act, 42 U.S.C. § 2000a.

4. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events or omissions giving rise to the claims occurred in Burlington County, New Jersey.

## PARTIES

6. Plaintiff Clarence E. Owens is a resident of New Jersey and is classified as "Black" (i.e. African American).

7. Defendant Enterprise Holdings, Inc., doing business as Enterprise Rent-A-Car ("Enterprise"), is a Missouri corporation with offices and operations in New Jersey.

8. Defendant John Hill ("Hill") is a Caucasian individual employed by Enterprise at its Burlington, New Jersey location. At all relevant times, Hill was acting under color of corporate authority and within the scope of his employment.

## FACTS COMMON TO ALL COUNTS

9. In November 2024, Plaintiff reserved a rental vehicle online with Enterprise to travel to Virginia and assist an elderly and disabled family member facing a housing emergency.

10. On November 23, 2024, a Saturday, Plaintiff appeared in person at the Burlington, NJ Enterprise location to finalize payment and pick up the reserved vehicle.

11. Plaintiff sought to pay with a valid credit card without an EMV chip, which had been accepted in or about August 2024 by Enterprise's Pennsauken, NJ location.

12. Defendant Hill refused to accept the card, citing unspecified "security" concerns and implying that the card might be fraudulent, despite its prior acceptance and validity as set forth above in paragraph 11.

13. Plaintiff, confused and respectful, asked Defendant Hill to explain the discrepancy in policy. At no point did Plaintiff raise his voice, make threats, or act in a disorderly manner.

14. Defendant Hill became agitated, refused service even after Plaintiff offered to use an alternate payment method, and ordered Plaintiff to leave the premises.

15. Plaintiff requested to speak with a supervisor. Defendant Hill, instead, walked into his office and, unbeknownst to Plaintiff, placed a telephone call to police, falsely reporting that Plaintiff was causing a disturbance and refusing to leave.

16. Officers from the Burlington Township Police Department arrived within minutes. Hill exited his office and greeted the officers at the entrance without ever returning to address Plaintiff.

17. Plaintiff voluntarily exited the premises and spoke with the responding officers, who determined that there was no cause for arrest or further action.

18. As a result of Defendant Hill's refusal to rent a vehicle to Plaintiff on November 23, 2024, Plaintiff was left distressed upon being unable to procure another rental vehicle in order to travel to Virginia to assist this elderly family member, because other Enterprise locations and its competitors had closed their business operations for the day, only to reopen on Monday (November 25, 2024).

19. Shortly after the foregoing interaction with Defendant Hill, Plaintiff placed several telephone calls to Enterprise to report the misconduct of Defendant Hill. During one such telephone call, Plaintiff spoke with a representative from Enterprise and explained the foregoing events. In return, said representative indicated that someone from Enterprise would follow up with Plaintiff. Plaintiff has yet to receive any correspondence from Enterprise following Plaintiff's complaint placed by telephone shortly after the foregoing event that occurred on November 23, 2024.

20. On May 20, 2025, Plaintiff attempted to rent another vehicle from Enterprise for travel to a funeral. He was informed by Enterprise representatives that he was on a restriction list and barred from renting any vehicles.

21. Enterprise did not provide an explanation for this restriction. Upon information and belief, this action was retaliatory and based on the false police report initiated by Defendant Hill.

22. Defendants' conduct caused Plaintiff to suffer embarrassment, humiliation, emotional distress, loss of transportation, and interference with travel plans to aid his family and attend a funeral.

**COUNT I**
**VIOLATION OF 42 U.S.C. § 1981**
**(Racial Discrimination in Contracting)**
**(Against All Defendants)**

23. Plaintiff adopts the factual allegations set forth above in ¶¶1 through 22 as if fully incorporated herein by reference.

24. Plaintiff, as an African American, is a member of a protected class.

25. Plaintiff attempted to engage in a contractual relationship with Enterprise, a public accommodation.

26. Defendant Hill's denial of service, false report to police, and subsequent restriction were racially motivated, as evidenced by disparate treatment and conduct.

27. Defendant Enterprise is liable under respondeat superior and/or for ratifying Hill's discriminatory conduct.

28. Plaintiff avers the foregoing acts by the foregoing Defendants named to Count One were intentional, willful, deliberate, wonton, reckless, actuated with forethought and malice, performed under color of law, without regard to the damage that these acts might cause Plaintiff.

## COUNT II
### FIRST AMENDMENT RETALIATION (42 U.S.C. § 1983)
### (Against Defendant John Hill)

29. Plaintiff adopts the factual allegations set forth above in ¶¶1 through 22 as if fully incorporated herein by reference.

30. Plaintiff engaged in constitutionally protected speech by respectfully questioning and challenging Defendant Hill's denial of Plaintiff's legitimate, previously accepted credit card.

31. Defendant Hill, a public-facing employee acting on behalf of a company providing public accommodations, responded to Plaintiff's protected expression by retaliating against him—namely, by refusing service, falsely accusing Plaintiff of misconduct, and summoning law enforcement under false pretenses.

32. Defendant Hill's actions were motivated, at least in part, by Plaintiff's exercise of his right to free speech and constituted retaliation in violation of the First Amendment to the United States Constitution, as actionable under 42 U.S.C. § 1983.

33. As a direct and proximate result of the unlawful retaliation, Plaintiff suffered emotional distress, reputational harm, loss of services, and other damages.

34. Plaintiff avers the foregoing acts by the foregoing Defendant named to Count Two was intentional, willful, deliberate, wonton, reckless, actuated with forethought and malice, performed under color of law, without regard to the damage that these acts might cause Plaintiff.

### COUNT III
**VIOLATION OF TITLE II OF THE CIVIL RIGHTS ACT (42 U.S.C. § 2000a)**
**(Public Accommodation Discrimination)**
**(Against All Defendants)**

35. Plaintiff adopts the factual allegations set forth above in ¶¶1 through 22 as if fully incorporated herein by reference.

36. Enterprise Rent-A-Car is a place of public accommodation as defined by federal law.

37. Plaintiff was denied full and equal enjoyment of services due to his race.

38. Such denial constitutes a violation of Plaintiff's civil rights under Title II.

39. Plaintiff avers the foregoing acts by the foregoing Defendants named to Count Three were intentional, willful, deliberate, wonton, reckless, actuated with forethought and malice, performed under color of law, without regard to the damage that these acts might cause Plaintiff.

### COUNT IV
**VIOLATION OF NEW JERSEY LAW AGAINST DISCRIMINATION**
**(N.J.S.A. 10:5-1 et seq.)**
**(Against All Defendants)**

40. Plaintiff adopts the factual allegations set forth above in ¶¶1 through 22 as if fully incorporated herein by reference.

41. At all relevant times, Plaintiff was a member of a protected class as an African American individual.

42. Defendants denied Plaintiff public accommodations and later retaliated against him by placing him on a restriction list, in whole or in part, based on Plaintiff's race.

43. Such conduct constitutes unlawful discrimination and retaliation in violation of the New Jersey Law Against Discrimination (NJLAD), N.J.S.A. 10:5-1 et seq.

44. Plaintiff avers the foregoing acts by the foregoing Defendants named to Count Four were intentional, willful, deliberate, wonton, reckless, actuated with forethought and malice, performed under color of law, without regard to the damage that these acts might cause Plaintiff.

## COUNT V
## DEFAMATION (SLANDER)
### (Against All Defendants)

45. Plaintiff adopts the factual allegations set forth above in ¶¶1 through 22 as if fully incorporated herein by reference.

46. Defendant Hill, as an employee for Defendant Enterprise, made a knowingly false statement to law enforcement, accusing Plaintiff of misconduct.

47. This statement was published to third parties, was unprivileged, and harmed Plaintiff's reputation.

48. Said knowingly false statement made by Defendant Hill persist to present date and serves as Defendant Enterprise's justification for its indefinite denial of services to Plaintiff to present date.

49. Plaintiff avers the foregoing acts by the foregoing Defendants named to Count Five were intentional, willful, deliberate, wonton, reckless, actuated with forethought and malice, performed under color of law, without regard to the damage that these acts might cause Plaintiff.

## COUNT VI
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Against All Defendants)

50. Plaintiff adopts the factual allegations set forth above in ¶¶1 through 22 as if fully incorporated herein by reference.

51. Defendant Hill's deliberate misrepresentation to police, as an employee for Defendant Enterprise, was outrageous and intended to cause distress.

52. Defendant Enterprise, to present date, demonstrated its support of Defendant Hill's knowingly false statement about Plaintiff upon refusing to extend services – indefinitely - to Plaintiff.

53. Plaintiff suffered emotional harm as a result of Defendants' conduct.

54. Plaintiff avers the foregoing acts by the foregoing Defendants to Count Six were intentional, willful, deliberate, wonton, reckless, actuated with forethought and malice, performed under color of law, without regard to the damage that these acts might cause Plaintiff.

### COUNT VII
### TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE
**(Against All Defendants)**

55. Plaintiff adopts the factual allegations set forth above in ¶¶1 through 22 as if fully incorporated herein by reference.

56. Plaintiff had an economic expectation in traveling to support his family and attend a funeral.

57. Plaintiff is a small business owner, and benefits from the use of automobile rental services offered by Defendant Enterprise.

58. Defendants intentionally and unjustifiably interfered with this expectation.

59. Plaintiff avers the foregoing acts by the foregoing Defendants named to Count Seven were intentional, willful, deliberate, wonton, reckless, actuated with forethought and malice, performed under color of law, without regard to the damage that these acts might cause Plaintiff.

## COUNT VIII
## NEGLIGENT SUPERVISION AND RETENTION
### (Against Enterprise)

60. Plaintiff adopts the factual allegations set forth above in ¶¶1 through 22 as if fully incorporated herein by reference.

61. Enterprise failed to properly train, supervise, and discipline Hill, resulting in harm to Plaintiff.

62. Plaintiff avers the foregoing acts by the foregoing Defendant named to Count Eight was intentional, willful, deliberate, wonton, reckless, actuated with forethought and malice, performed under color of law, without regard to the damage that these acts might cause Plaintiff.

## COUNT IX
## RESPONDEAT SUPERIOR LIABILITY
### (Against Enterprise)

63. Plaintiff adopts the factual allegations set forth above in ¶¶1 through 22 as if fully incorporated herein by reference.

64. At all relevant times, Defendant Hill was acting within the course and scope of his employment with Defendant Enterprise.

65. Defendant Hill's acts and omissions, including but not limited to, discriminatory denial of service, defamatory statements, false reporting to police, retaliatory conduct, and constitutional violations, were committed while performing his job duties and in furtherance of Enterprise's business operations.

66. Accordingly, Defendant Enterprise is vicariously liable under the doctrine of respondeat superior for all tortious and unlawful acts committed by its employee, Defendant Hill.

**PRAYER FOR RELIEF**

Plaintiff prays for relief from this Honorable Court as follows:

I. For Count I, Awarding Plaintiff compensatory damages to be determined, and punitive damages for $1,000,000.

II. For Count II, Awarding Plaintiff compensatory damages to be determined, and punitive damages for $1,000,000.

III. For Count III, Awarding Plaintiff injunctive relief prohibiting Defendant Enterprise's refusal to extend services to Plaintiff based upon false statements made by Defendant Hill; and attorney fees to Plaintiff.

IV. For Count IV, Awarding Plaintiff compensatory damages to be determined; punitive damages for $1,000,000; along with injunctive and equitable relief by prohibiting Defendant Enterprise's refusal to extend services to Plaintiff based upon false statements made by Defendant Hill.

V. For Count V, Awarding Plaintiff compensatory damages to be determined, and punitive damages for $1,000,000.

VI. For Count VI, Awarding Plaintiff compensatory damages to be determined, and punitive damages for $1,000,000.

VII. For Count VII, Awarding Plaintiff compensatory damages to be determined, and punitive damages for $1,000,000.

VIII. For Count VIII, Awarding Plaintiff compensatory damages to be determined, and punitive damages for $1,000,000.

IX. For Count IX, Awarding Plaintiff compensatory damages to be determined, and punitive damages for $1,000,000.

## CLAIMS RESERVED

Plaintiff herein reserves all claims against non-parties to this complaint that are not designated as Defendants in this matter, allowing Plaintiff an opportunity to discover all relevant facts and any and all claims against the non-parties.

## EQUITABLE TOLLING

Plaintiff herein invokes equitable tolling in order to preserve any and all claims recently discovered by Plaintiff, and or the conduct complained is continuous.

Dated: November 23, 2025

Clarence E. Owens
11 Stafford Lane
Willingboro, NJ 08046
Tel: 609-686-0557
Email: clayowenslfg@gmail.com